UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 1:07-M-03M |
| | : | |
| LARRY W. CRITES, II | : | |

**MEMORANDUM AND ORDER**

Defendant Larry W. Crites, II ("Crites") is charged by way of a Criminal Complaint with "travel in interstate commerce with the intent to carry on an unlawful activity, to wit, extortion in violation of the Massachusetts extortion statute, Mass. Gen. Laws, ch. 265, sec. 25, in violation of 18 U.S.C. § 1952(a)(3)" (the "Travel Act"). On January 12, 2007, Crites appeared before this Court for a preliminary hearing pursuant to Fed. R. Crim. P. 5.1. Crites was represented by court-appointed defense counsel at this hearing. At the conclusion of the hearing, this Court took the issue of probable cause under advisement and gave Crites' counsel the opportunity to make a post-hearing submission to the Court regarding legal authority relied upon by the Government. Crites' counsel made a timely post-hearing submission to the Court. For the reasons discussed below, this Court finds PROBABLE CAUSE, pursuant to Fed. R. Crim. P. 5.1(e), to believe that the charged offense was committed and that Crites committed such offense.

**Discussion**

**A. Preliminary Hearing Standards**

A preliminary hearing under Fed. R. Crim. P. 5.1 is narrow in scope. Its purpose is solely to test whether "probable cause" exists as to the offense(s) charged. It is not a discovery mechanism for defendants, and it is not a trial to determine guilt or innocence.

Although mere suspicion does not suffice, probable cause may be found where there is a "fair probability," based on the totality of the circumstances, that a defendant committed the offense

charged. See United States v. Mims, 812 F.2d 1068, 1072 (8th Cir. 1987), quoting Illinois v. Gates, 462 U.S. 213, 231 (1983). The Federal Rules of Evidence generally are not applicable at preliminary hearings, Fed. R. Evid. 1101(d)(3), and accordingly, a probable cause finding may be based, in whole or in part, on hearsay evidence. Finally, a preliminary hearing is not the proper setting to test the admissibility of evidence or to require proof sufficient to convict "beyond a reasonable doubt."

**B. Probable Cause as to Defendant Crites**

The Government relied upon the sworn Affidavit of FBI Special Agent Joseph R. Degnan (Gov't Ex. 1), as well as his testimony, in support of its burden to establish probable cause. Crites' counsel thoroughly cross-examined Agent Degnan. No other evidence was presented by either the Government or Crites. The Affidavit asserts that Crites was engaged in an extortionate scheme with Ricky E. Silva, James G. Manning and Anthony St. Laurent, Sr. in early April of 2006. St. Laurent was indicted for extortion (18 U.S.C. § 894) on April 12, 2006 in connection with this scheme. See United States v. St. Laurent, CR No. 06-48S. St. Laurent pled guilty to the indictment on July 12, 2006, and he was recently sentenced to a fifty-six month term of imprisonment. Id. Silva and Manning are also each subject to a pending Travel Act charge arising out of this alleged scheme. See United States v. Silva, CR 1:07-M-01-M; and United States v. Manning, CR No. 1:07-M-02-M.

"To convict under the Travel Act, the government must show '(1) interstate travel or the use of an interstate facility; (2) with the intent to promote, manage, establish, carry on, or facilitate an unlawful activity' (here, violation of the Massachusetts extortion statute, Mass. Gen. Laws ch. 265, § 25); and (3) 'performance or attempted performance of acts in furtherance of the unlawful activity.'" United States v. Nishnianidze, 342 F.3d 6, 15 (1st Cir. 2003), quoting United States v.

Woodward, 149 F.3d 46, 65 (1st Cir. 1998). Crites challenges probable cause on two grounds: first, he argues that the Government produced no evidence that the underlying offense of extortion was actually committed on April 6, 2006; and second, he argues that, even if the offense of extortion was committed, the Government produced no evidence that he traveled in interstate commerce or used an interstate facility in connection therewith. After reviewing the applicable law, this Court finds that both of Crites' arguments are unsupported and that the Government has met its probable cause burden in this matter.

At the hearing, the Government produced no evidence that Crites traveled in interstate commerce or used an interstate facility such as phone or mail in connection with the charged offense. The Government did, however, produce evidence that Manning and Silva drove from Rhode Island into Massachusetts on April 6, 2006 and met with Crites at the behest of St. Laurent. Govt.'s Ex. 1, ¶¶ 8-12. It also produced evidence that Crites associated himself with the extortion scheme as to one of the intended victims, identified as "Davey." Id., ¶ 12. Crites reportedly stated they should "smack him and grab him let's go and it's done. You're dealing with the Saint so you're paying now and that's it." Id. St. Laurent had advised Manning and Silva that "Larry", i.e., Crites, knew "Davey" and they would run into him at a bar. Id., ¶ 7. On April 6, 2006, Crites suggested that they go to the bar to attempt to locate "Davey," id., ¶ 12, and later "suggested going to another name location because 'Dave' could be there." Id., ¶ 15. In other words, Crites assisted Silva and Manning in a search for "Davey."

Although the Government did not introduce evidence that Crites himself traveled in interstate commerce, it did present sufficient evidence to establish probable cause that Crites aided and abetted a Travel Act violation. Although the Criminal Complaint does not expressly charge aiding and

abetting in violation of 18 U.S.C. § 2, the supporting Affidavit does assert that Silva, Manning and Crites "aided and abetted each other" in connection with the alleged Travel Act violation. Govt.'s Ex. 1, ¶ 18. In addition, the First Circuit has held that aiding and abetting is not a "separate offense" and is "an alternative charge in every...count, whether explicit or implicit." United States v. Sanchez, 917 F.2d 607, 611 (1st Cir. 1990). It held specifically that "the government may rely on an 'aiding and abetting' theory, although the indictment neither alleges nor adverts to it, except on a showing of unfair surprise." Id. This Court sees no reason why the same principle should not apply in the context of a criminal complaint. This case is only two weeks old, and there is no unfair surprise to Crites, as the Criminal Complaint mentions aiding and abetting; and Crites' attorney was given leave to and did submit a post-hearing brief to the Court regarding this issue.

It is well established that a defendant who aids and abets the underlying unlawful activity violates the Travel Act, notwithstanding that he himself did not travel interstate. See, e.g., United States v. Stott, 245 F.3d 890, 909 (7th Cir. 2001) (non-traveling defendant liable as aider and abettor under Travel Act where evidence established that defendant had the state of mind required for underlying Travel Act offense "and took some action intended to make the endeavor succeed; it was not necessary for the Government to show that defendant induced or even had knowledge of [co-defendant's] interstate travel"); United States v. Sigalow, 812 F.2d 783, 785-786 (2nd Cir. 1987) ("an aider and abettor of a Travel Act violation need not have assisted in the use of interstate facilities"; government not required to "prove that [defendant] aided and abetted, or had knowledge of the jurisdictional element of the Travel Act offense"); and United States v. Abadie, 879 F.2d 1260, 1266 (5th Cir. 1989) (where government in Travel Act case proceeded against defendant on aiding and abetting theory, once government proved that a co-defendant traveled interstate, it was

"unnecessary for the government to show that [defendant] induced or even had knowledge of [the co-defendant's] interstate travel.") . See also United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir. 1996) (for purposes of interpreting the murder for hire statute, 18 U.S.C. § 1958, "it is entirely appropriate to look to case law construing the Travel Act," and "if the government proves that one of the participants used the telephone or some comparable interstate facility in furtherance of the scheme, then the required facilitative nexus is established as to all participants.").

In summary, the Affidavit establishes probable cause that Crites aided and abetted Manning and Silva in a Travel Act violation. The First Circuit has held that to be convicted of aiding and abetting, "it is necessary that a defendant in some way 'associate himself with the venture, that he participate in it as in something that he wishes to bring about, and that he seek by his action to make it succeed.'" United States v. Hathaway, 534 F.2d 386, 399 (1st Cir. 1976), quoting United States v. Peoni, 100 F.2d 401, 402 (2nd Cir. 1938). See also United States v. Hinojosa, 958 F.2d 624, 629 (5th Cir. 1992) (criminal liability for aiding and abetting requires proof that a defendant was "(1) associated with the criminal venture; (2) participated in it as something he wished to bring about; and (3) sought by his actions to make it succeed"). "Participation in every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about that result." Hathaway, 534 F.2d at 399. As noted above, the Affidavit shows that Crites associated himself with the extortion scheme as it pertained to "Davey," one of the intended victims, participated in it, and sought to make it succeed. For example, the Affidavit includes Crites' statement to Silva that they should "smack [Davey] and grab him let's go and it's done. You're dealing with the Saint so you're paying now and that's it." Govt.'s Ex. 1, ¶ 12. The Affidavit also sets forth Crites' attempts to lead the others to this intended victim. Id., ¶¶ 12-16.

As noted above, a Travel Act conviction simply requires proof of interstate travel, intent to carry on an unlawful activity (here, extortion), and performance or attempted performance of acts in furtherance of such activity. It does not require that the actual extortion take place. The Affidavit establishes probable cause as to the necessary elements – interstate travel by Manning and Silva; shared intent by Manning, Silva and Crites to extort money from "Davey;" and performance or attempted performance by them of acts in furtherance including a search for "Davey" led by Crites who was the only one who knew "Davey." Thus, this Court finds probable cause to believe that Crites aided and abetted a Travel Act violation.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 19, 2007