**UNITED STATES DISTRICT COURT**
**DISTRICT OF STATE OF RHODE ISLAND**

UNITED STATES OF AMERICA :
:
VS. : CASE #:1:07-CR-89ML
:
LARRY W. CRITES :

**OBJECTION TO PRE-SENTENCE REPORT**

Now comes the Defendant, Larry W. Crites, by and through his attorney, and hereby objects to the following provisions of the pre-sentence report:

Part A. The Offense

Paragraph #1 should be amended to indicate that the defendant pled guilty to "18 U.S.C. § 1952(a)(3)(b) – Traveling in Interstate Commerce with the intent to carry on an unlawful activity, specifically, *attempted* extortion in violation of Massachusetts Gen. Laws Chapter 265 § 25. There was no victim in this case; no threat was made to anyone and no demand was made of anyone.

Paragraph #7 should be amended. The 3rd sentence indicates that the Court granted an Oral "Order." The sentence should indicate that the Court granted an Oral "*Motion*."

Paragraph #18 – Offense Level Computation

**Base Offense Level**: The Sentencing Guidelines advise that §2E1.2 should be utilized to fashion an appropriate sentence for a violation of 18 U.S.C. § 1952. The base level offense for a violation of the travel act is **6**. However, Application Note 2 of §2E1.2 provides that if the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used. The PSR is *incorrect* by applying guideline is §2E2.1, stating that the most analogous federal offense is **Making or Financing an Extortionate Extension of Credit; Collecting an Extension of Credit by Extortionate Means.** Based on the facts of this case, the most analogous federal offense is (Attempted) ***Extortion by Force of Threat of Injury or Serious Damage***. §2B3.2 should be the operative section of the guidelines which the Court should use as advice when calculating a sentence. Specifically, the Commentary of §2B3.2 provides a "Background" section which sites The Hobbs Act, 18 U.S.C. § 1951, prohibits, among other things, "attempted extortion." The basis of the criminal complaint to which Mr. Crites plead guilty is that Mr. Crites attempted extortion, not by making any threats to any individual, but, by aiding and abetting others in their attempted extortion in violation of the Massachusetts General Laws. Specifically, that money was going to be demanded of an individual who was not extended credit by Anthony St. Laurent, but was known as a bookie and drug dealer and had failed to pay a percentage of his ill gotten gains to St. Laurent. This is more closely analogous to (Attempted) Extortion by Force of Threat of Injury or Serious Damage.

The base offense level under §2B3.2 is 18. There are no other adjustments to the offense level based on the facts of the case.

**Part C. Offender Characteristics**

Physical Condition

Paragraph #44 should be amended. The last sentence should read: "The defendant reported that he is experiencing problems with his left knee and needs knee surgery to address extremely painful cartilage issues. Additionally, the defendant reports significant complaints of right elbow pain and disfigurement."

**Part D. Sentencing Options**

Paragraph 51 – **Guideline Provisions**: The calculation in the PSR is based on a base level offense of 20 from §2E1.2 with a 3 level adjustment for acceptance responsibility. As set forth previously, the base offense level should be 18 as suggested in §2B3.2. Mr. Crites has accepted responsibility and should receive a 3 level adjustment for a total offense level of 15 and a criminal history category of I. The guideline range is 18-24 months. That range is in Zone D of the sentencing table.

Probation

**Statutory Provisions**: Paragraphs 55 indicates that the guidelines *preclude* a sentence of probation. As the guidelines are now advisory, it should be indicated that the guidelines advise against probation.

**Guideline Provisions**: Paragraph 56 indicates that the guidelines do not *authorize* a sentence of probation. However, as the guidelines are now advisory, it would be more accurate to indicate that the guidelines advise against a sentence of probation. The court should note that the Defendant is not averse to a sentence of straight probation.

**Part E. Factors That May Warrant Departure**

The facts of the case support a downward departure based on Mr. Crites Mitigating Role. This Defendant qualifies as an individual who played a Minor Role in the offense pursuant to §3B1.2 of the Sentencing Guidelines. §3B1.2(b) provides that "[i]f a defendant was a minor participant in any criminal activity, decrease by 2 levels." Application Note 2 requires that there be more than one participant in the offense.

The facts of this case support that more than one individual was involved, specifically, Anthony St. Laurent, Ricky Silva and James Manning. Each individual was significantly more culpable in the offense than Mr. Crites. The contact with Mr. Crites came from these Rhode Island individuals; it was not Mr. Crites reaching out to them. They were responsible for contacting Mr. Crites and traveling from Rhode Island to Taunton, Massachusetts. Mr. Crites did not travel outside of Massachusetts.

Further, Mr. Crites directed them away from another potential target of attempted extortion. It was Mr. Crites who convinced them to stay away from the man, thereby mitigating the offense.

As the PSR indicates, there is no victim in this offense. Nobody was actually threatened, no demands were made and nobody was actually ever approached.

Mr. Crites was contacted by the above individuals on April 6, 2006. He was arrested on January 4, 2007, a period of 8 months. In that period of time there were no further contacts between Mr. Crites and the Rhode Islanders and no contact by Mr. Crites and the so called intended victim.

Mr. Crites was a minor participant and should be afforded a downward departure of 2 levels bringing his offense level to 13 putting him in the 12-18 month guideline range.

WHEREFORE, Defendant demands the Pre-Sentence Report be amended and considered as set forth in Defendant's Objection thereto.

Defendant, Larry Crites
By his Attorney,

\s\ *Timothy J. Morgan*

______________________________

Timothy J. Morgan, Esq. #5365
33 College Hill Road, Suite 15G
Warwick, RI 02886
(401) 826.3344

**CERTIFICATION**

I hereby certify that a copy of the within Objection was provided to U.S. Attorney Ken Madden, United States Department of Justice and Peter F. Neronha, AUSA, US Attorney's Office, 50 Kennedy Plaza - 8th Floor, Providence, RI 02903, via regular mail, email and electronic filing on the ___5th_______ day of October, 2007.

___\s\ *Timothy J. Morgan*, Esq.